Eric Johnson PEACOCK,
Plaintiff–Appellant,

v.

COUNTY OF ORANGE, Defendant–Appellee.

No. 01–56417.

D.C. No. CV–00–01195–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 17, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Eric Johnson Peacock appeals pro se the district court's summary judgment for de-

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Peacock's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

fendant in his action alleging that defendant discriminated against him by failing to hire him because of his poor uncorrected vision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001), and we affirm in part, reverse in part, and remand.

■ The district court properly granted summary judgment on Peacock's disability discrimination claim under the Americans with Disabilities Act ("ADA") because Peacock failed to demonstrate that he is a qualifying individual with a disability. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482–83, 493–94, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (holding that the existence of a disability is determined in light of mitigating or corrective measures).

■ Although the district court also properly determined that Peacock failed to demonstrate that he is a qualifying individual with a disability under California's Fair Employment and Housing Act ("FEHA"), *see id.*, the district court erred by granting summary judgment on Peacock's FEHA disability discrimination claim because Peacock raised a genuine issue of material fact as to whether defendant perceived him as having a disability. *See Colmenares v. Braemar Country Club, Inc.*, 29 Cal.4th 1019, 130 Cal.Rptr.2d 662, 63 P.3d 220 (2003) (holding that FEHA requires that a physical condition only limit, not substantially limit, participation in major life activities); *cf. Sutton*, 527 U.S. at 490 (explaining that an allegation that an employer has a vision requirement in place is not sufficient, on its own, to establish that the employer regards the applicant as *substantially* limited in the major life activity of working).

■ The district court also erred by granting summary judgment on Peacock's claim that defendant improperly inquired about his visual disability, because the ADA prohibits such inquiries, regardless of whether a job applicant actually suffers from a disability. *See, e.g., Fredenburg v. Contra Costa County Dep't of Health Servs.*, 172 F.3d 1176, 1182 (9th Cir.1999) (explaining that protecting only qualified individuals would defeat much of the usefulness of the prohibition on inquiries and examinations). We therefore remand for the district court to determine whether the inquiry was job-related and consistent with business necessity. *See* 42 U.S.C. § 12112(d)(1)(A).

■ The district court properly granted summary judgment on Peacock's state law invasion of privacy claim because Peacock failed to raise a genuine issue of material fact as to whether he had a reasonable expectation of privacy in the information defendant requested. *See Hill v. Nat'l Collegiate Athletic Assoc.*, 7 Cal.4th 1, 26 Cal.Rptr.2d 834, 865 P.2d 633, 655 (1994).

■ The district court properly granted summary judgment on Peacock's claim under Cal. Gov.Code section 50085 because Peacock failed to challenge any educational prerequisite, test or evaluation method. *See* Cal. Gov.Code § 50085.

The district court's award of costs is vacated.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**