Angie **SANCHEZ**, Plaintiff—Appellant,

v.

**WORLD COLOR PRESS,**
Defendant—Appellee.

No. 02–16323.

D.C. No. CV–00–06221–LJO.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

**MEMORANDUM*****

Angie Sanchez appeals pro se the district court's summary judgment in her employment discrimination action under the Americans with Disabilities Act ("ADA") and the California Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 794 (9th Cir.2001). We may affirm for any reason supported by the record. *Tanaka v. Univ. of S. Cal.,* 252 F.3d 1059, 1062 (9th Cir.

2001). We affirm in part, vacate in part, and remand.

Because Sanchez failed to raise a genuine issue of material fact as to whether she had an actual or perceived disability within the meaning of the ADA, we affirm the district court's summary judgment on Sanchez's claim of discriminatory termination under the ADA. *See Thornton,* 261 F.3d. at 795, 798 (noting that "a plaintiff must present specific evidence about relevant labor markets to defeat summary judgment on a claim of substantial limitation of 'working;'" affirming summary judgment where there was no specific evidence that employer regarded employee as substantially limited); *Thompson v. Holy Family Hosp.,* 121 F.3d 537, 539–40 (9th Cir.1997) (per curiam) (holding that a 25–pound lifting restriction was not substantially limiting).

In light of the California Supreme Court's intervening decision in *Colmenares v. Braemar Country Club, Inc.,* 29 Cal.4th 1019, 29 Cal.4th 1019, 1030–31, 63 P.3d 220 (2003) (holding that the 2001 amendments to the definition of disability merely clarified existing law), we vacate summary judgment on Sanchez's FEHA claims, and remand for further proceedings, including consideration of whether to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.