**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LA JOLLA SPA MD, INC., | No.    15-55910 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:11-cv-02389-GPC-WVG |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted March 8, 2017
Pasadena, California

Before:  PREGERSON, PAEZ, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant La Jolla Spa MD, Inc. appeals the district court's order

denying its motion for a new trial.  We have jurisdiction under 28 U.S.C. § 1291.

"We review a district court's denial of a motion for a new trial under Federal

Rule of Civil Procedure 59(a) for an abuse of discretion."  *Molski v. M.J. Cable,*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Inc.*, 481 F.3d 724, 728 (9th Cir. 2007). "For us to reverse a decision as an abuse of discretion, we must have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *Grand Canyon Skywalk Dev., LLC v. 'Sa'Nyu Wa Inc.*, 715 F.3d 1196, 1202 (9th Cir. 2013) (citation omitted). In California, "[w]hether the written contract is reasonably susceptible of a proffered meaning is a matter of law that is reviewed de novo." *Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 277 (9th Cir. 1992). We affirm the district court's rulings.

1. The district court did not abuse its discretion by denying the motion for a new trial based on its evidentiary rulings. First, the district court did not err by admitting emails exchanged by the divorce attorneys for Dianne York and Mitchel Goldman. York's and Goldman's marital settlement agreement was ambiguous and reasonably susceptible to the meaning proffered by Defendant-Appellee Travelers Property Casualty Company of America, and the emails were relevant to prove that meaning. *See Winet v. Price*, 6 Cal. Rptr. 2d 554, 557 (Ct. App. 1992) ("If in light of the extrinsic evidence the court decides the language is 'reasonably susceptible' to the interpretation urged, the extrinsic evidence is then admitted to aid in the second step—interpreting the contract."); *see also Muller v. Auto. Club of S. Cal.*, 71 Cal. Rptr. 2d 573, 581 (Ct. App. 1998) (concluding that

2

the word "includes" may be expansive or limiting), *disapproved of on other grounds by Colmenares v. Braemar Country Club, Inc.*, 63 P.3d 220 (Cal. 2003).

Second, even if the district court erred by allowing Goldman to testify about his subjective interpretation of the marital settlement agreement, any error was not substantially prejudicial, because: (1) La Jolla Spa included a discussion of York's subjective interpretation of the marital settlement agreement in its opening statement; (2) York testified to her own subjective interpretation; and (3) the district court properly admitted the divorce attorneys' emails as well as evidence of York's and Goldman's post-settlement conduct. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) ("A new trial is only warranted when an erroneous evidentiary ruling substantially prejudiced a party." (internal quotation marks and citation omitted)).

2.     The district court did not abuse its discretion by denying the motion for a new trial based on the clear weight of the evidence. There was evidence supporting the jury's verdict that La Jolla Spa did not establish that it sustained a covered loss. *See Molski*, 481 F.3d at 729 ("The district court's denial of the motion for a new trial is reversible only if the record contains no evidence in support of the verdict . . . . Because determining the clear weight of the evidence is

a fact-specific endeavor, appeals courts are reluctant to second-guess district courts' conclusions." (internal quotation marks and citation omitted)).

**AFFIRMED.**