**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDY CENIS, | No. 18-16089 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00863-DAD-JLT |
| v. | |
| WINCO HOLDINGS, INC., a corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted December 3, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit Judges.

Wendy Cenis ("Cenis") appeals the district court's grant of summary

judgment in favor of Winco Holdings, Inc. ("WinCo") and its denial of her motion

for partial summary judgment on her claims that she was discriminated against in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of the California Fair Employment and Housing Act ("FEHA"), and that she was retaliated against in violation of California Labor Code § 6310, along with a number of subsidiary claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

FEHA prohibits an employer from terminating a person's employment because of a physical disability unless the employee is unable to perform his or her duties even with reasonable accommodations. CAL. GOV'T CODE § 12940(a), (a)(2). Thus, the threshold question here is whether Cenis suffered from a disability.

FEHA defines physical disability to include conditions affecting the digestive system that limit a major life activity. CAL. GOV'T CODE § 12926(m)(1)(A). Working is a major life activity, and a condition limits a major life activity if it makes the achievement of the major life activity difficult. *Id.* at § 12926(m)(1)(B)(ii)–(iii). But a regulation interpreting FEHA qualifies that disability does not include "conditions that are mild, which do not limit a major life activity, as determined on a case-by-case basis," including "minor and non-chronic gastrointestinal disorders." *See* 2 CAL. CODE REGS. tit. 2, § 11065(d)(9)(B) (2019); *see also Colmenares v. Braemar Country Club, Inc.*, 63 P.3d 220, 226

(Cal. 2003) (noting that California courts give "substantial weight" to regulations construing FEHA issued by the agency responsible for administering the statute).

Section 11065(d)(9)(B) of California's regulations exclude Cenis's food poisoning from the FEHA definition of disability. Cenis claims that she suffered from vomiting and diarrhea after eating chicken salad from the deli of the WinCo grocery store where she worked. Her symptoms subsided two days later, at which point she returned to work. This is exactly the type of "mild," "minor and non-chronic gastrointestinal disorder[]" that is excluded from the definition of a disability under the regulation. Because Cenis's illness was not a disability, she cannot make a prima facie showing of discrimination in violation of FEHA.

Cenis also has not shown a triable issue as to her claim that she was fired in retaliation for reporting the allegedly spoiled chicken salad, in violation of California Labor Code § 6310. Section 6310 prohibits an employee from being fired or discriminated against for making workplace-related health and safety complaints. *See also* CAL. LABOR CODE § 6310(b) (providing that an employee who has been fired or discriminated against because he or she has complained about "unsafe working conditions, or work practices, in his or her employment or place of employment," is entitled to reinstatement and backpay). To succeed on her claim, Cenis must first show that she engaged in a protected activity. *See*

3

*Diego v. Pilgrim United Church of Christ*, 180 Cal. Rptr. 3d 359, 373 (Cal. Ct. App. 2014). Cenis fails at this step. Her complaints about the allegedly spoiled chicken salad to WinCo agents did not constitute protected activity. The complaints did not concern workplace safety, as the record shows no evidence that WinCo employees were expected or required to eat WinCo food. Instead, her complaints about the chicken salad are properly construed as ones about a public-health risk, but such complaints "do[] not satisfy § 6310's requirement that the employee complain of unsafe working conditions or an unsafe workplace." *See Creighton v. City of Livingston*, 2009 WL 3246825, at *14 (E.D. Cal. Oct. 7, 2009) (citing *Lujan v. Minagar*, 21 Cal. Rptr. 3d 861, 864 (Cal. Ct. App. 2004)).

Because Cenis failed to show she suffered from a disability, or that WinCo retaliated against her, her claims dependent on those issues also fail.

**AFFIRMED.**