Filed 5/19/25  Jaimes v. City of Los Angeles CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| CHRISTIAN JAIMES, Plaintiff and Appellant, v. CITY OF LOS ANGELES, Defendant and Respondent. | B333667 (Los Angeles County Super. Ct. No. 21STCV22268) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wendy Chang, Judge. Affirmed.

Jonny Law, Jonathan D. Roven, Britanie A. Crippen, and Annelyse Gomez for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney; Denise C. Mills, Chief Deputy City Attorney; Kathleen A. Kenealy, Chief Assistant City Attorney; Shaun Dabby Jacobs, Supervising Assistant City Attorney; and Timothy Martin, Deputy City Attorney for Defendant and Respondent.

# INTRODUCTION

Before initiating a civil action alleging violations of the Fair Employment and Housing Act (FEHA), an employee must exhaust his or her administrative remedies by filing a complaint with the Department of Fair Employment and Housing (DFEH). (Gov. Code § 12960, subd. (c).)[1]  That complaint must "set forth the particulars" of the alleged FEHA violation.  (*Id.*)

We decide here whether an employee exhausted his administrative remedies by filing a DFEH complaint that alleged (a) that disability discrimination, a FEHA violation, took place on a specific date, but (b) failed to allege any factual basis whatsoever for the claimed violation.  The trial court held the answer was "no."  It granted the employer's motion for summary judgment.

We affirm.  To satisfy the exhaustion requirement, a DFEH administrative complaint must at least minimally describe the "particulars" of an alleged FEHA violation.  Where, as here, an administrative complaint fails to plead any of the facts underlying a claim for disability discrimination—such as whether the disability was physical or mental, or which individuals were responsible for the alleged discrimination—a plaintiff has not exhausted his or her administrative remedies.

---

1      The DFEH has been renamed the Civil Rights Department. However, we will refer to the agency as the DFEH for consistency with the trial court records and the appellate briefs.  All undesignated statutory references are to the Government Code.

## FACTUAL AND PROCEDURAL BACKGROUND

We limit our recitation of the facts to those relevant to the dispositive issue in this appeal. The following facts are undisputed.

The City of Los Angeles terminated Jaimes' employment on March 8, 2021. On June 4, 2021, Jaimes filed a complaint with the DFEH. The DFEH complaint alleged, in its entirety, the following: "Complainant alleges that on or about March 11, 2021, [the City] took the following adverse actions: [¶] Complainant was harassed because of complainant's disability (physical or mental). [¶] Complainant was discriminated against because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, reprimanded, denied reasonable accommodation for a disability. [¶] Complainant experienced retaliation because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments."[2] Jaimes left blank the space next to "Additional Complaint Details."

At Jaimes' request, the DFEH issued an immediate right-to-sue notice on the same day he filed his DFEH complaint.[3]

_____

2      The DFEH complaint also stated that Jaimes resides in the "City of Valley Village" and that the City of Los Angeles is an employer "subject to suit under [FEHA]."

3      A FEHA complainant "may forgo having the department investigate a complaint and instead obtain an immediate right-to-sue notice." (Cal. Code Regs., tit. 2, § 10005(a).)

On June 15, 2021, Jaimes sued the City for five causes of action based on alleged violations of the FEHA: disability discrimination; failure to provide a reasonable accommodation; failure to engage in the interactive process; retaliation; and failure to prevent discrimination.[4]

The City moved for summary judgment on the basis that Jaimes had not exhausted his administrative remedies because his DFEH complaint alleged no facts. The City alternatively argued no material triable issues of fact exist. Jaimes opposed. He acknowledged his DFEH complaint was "devoid of any facts" but argued that he nevertheless exhausted his administrative remedies by timely filing a DFEH complaint. He further argued material triable issues of fact exist on all causes of action.

After a hearing, the trial court granted the City's motion. It concluded Jaimes' action fails as a matter of law because he "failed to exhaust his administrative remedies by not pleading any 'particulars' of any of his claims" in his DFEH complaint. The court explained that the DFEH complaint "is devoid of a single specific fact, other than his city of residence and that something unidentified occurred on March 11, 2021" and the "balance of the complaint merely states legal conclusions." The court did not reach alternative grounds for the City's motion because its "ruling on the administrative exhaustion issue is dispositive of the entire matter[.]" The trial court entered

---

4       Jaimes stipulated to strike the sixth, non-statutory cause of action for wrongful termination in violation of public policy. He also stipulated to strike the word "harassment" from the complaint because he did not allege harassment or failure to prevent harassment as a cause or causes of action.

judgment for the City and against Jaimes.  Jaimes appealed this judgment.

## DISCUSSION

We independently review whether Jaimes exhausted his administrative remedies.  (*Kuigoua v. Department of Veterans Affairs* (2024) 101 Cal.App.5th 499, 506.)

Section 12960, subdivision (c) provides, in relevant part: "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the department."  Filing this administrative complaint with the DFEH is a mandatory prerequisite to suing in court.  (*Guzman v. NBA Automotive, Inc.* (2021) 68 Cal.App.5th 1109, 1117.)

California Code of Regulations,[5] title 2, section 10005, subdivision (d) describes the requirements for obtaining an immediate right-to-sue notice and provides in relevant part: "To obtain an immediate right-to-sue notice . . . an aggrieved person shall file a right-to-sue complaint with the department containing the following: [¶] . . . [¶] (3) a description of the alleged act or acts of discrimination, harassment or retaliation; [¶] (4) the date or

---

5	Pursuant to section 12930, subdivision (e), DFEH is authorized "[t]o adopt, promulgate, amend, and rescind suitable procedural rules and regulations to carry out the investigation, prosecution, and dispute resolution functions and duties of the [DFEH] . . . ."

5

dates each alleged act of discrimination, harassment or retaliation occurred, including the date of the last or most recent alleged act; [¶] (5) each protected basis upon which the alleged discrimination or harassment was based; [¶] (6) for retaliation complaints, the date and type of protected activity in which the complainant engaged . . . ."

In *Rojo v. Kliger* (1990) 52 Cal.3d 65, 83-84, our Supreme Court explained the purpose of the FEHA exhaustion doctrine: "In cases appropriate for administrative resolution, the exhaustion requirement serves the important policy interests embodied in the act of resolving disputes and eliminating unlawful employment practices by conciliation [citation], as well as the salutory goals of easing the burden on the court system, maximizing the use of administrative agency expertise and capability to order and monitor corrective measures, and providing a more economical and less formal means of resolving the dispute [citation]. By contrast, in those cases appropriate for judicial resolution, as where the facts support a claim for compensatory or punitive damages, the exhaustion requirement may nevertheless lead to settlement and serve to eliminate the unlawful practice or mitigate damages and, in any event, is not an impediment to civil suit, in that the [DFEH's] practice evidently is to issue a right-to-sue letter [citation] at the employee's request as a matter of course [citations]." (Fn. omitted.)

To effectuate these purposes, the administrative exhaustion requirement is satisfied if the FEHA claims in the judicial complaint are "'like and reasonably related to'" those in the DFEH complaint (*Wills v. Superior Court* (2011) 195 Cal.App.4th 143, 154 (*Wills*)) or "likely to be uncovered in the

6

course of a DFEH investigation." (*Okoli v. Lockhead Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1617 (*Okoli*).)

A DFEH complaint that alleges unlawful discrimination but does not allege any factual basis for that discrimination does not comply with the statutory requirements for exhaustion. (See § 12960, subd. (c) [a DFEH complaint "shall set forth the particulars [of the unlawful practice]"; see also *Hobson v. Raychem Corp.* (1999) 73 Cal.App.4th 614, 630, disapproved on another ground by *Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1031 [the DFEH complaint must "identify[ ] with specificity the discrimination alleged and the facts supporting it, including the nature of the disability claimed" because the purpose of the charge is "to supply fair notice of the facts, sufficient to permit investigation"].)

Here, Jaimes did not meet the statutory requirements for exhaustion. This is because Jaimes did not allege any facts in his DFEH complaint. Indeed, Jaimes conceded his DFEH complaint was "devoid of any facts." The administrative complaint did not provide any information about the relevant disability at all—even whether it was physical or mental. It also failed to identify any individual responsible for the alleged discrimination. And, although the administrative complaint provided a date (May 11, 2021), Jaimes does not assert that anything in particular happened on that date, beyond the conclusory statement that some form of disability discrimination occurred.

Jaimes' judicial claims are not reasonably related to those in his administrative complaint (see *Wills, supra*, 195 Cal.App.4th at p. 154), because his administrative complaint did not provide even a basic factual description of the alleged discrimination. Nor would an agency investigation of what was

7

charged in the administrative complaint likely uncover the claims he describes in his judicial complaint (see *Okoli, supra,* 36 Cal.App.4th at p. 1617), because Jaimes' administrative complaint failed to describe, in any way whatsoever, what the City did that constituted the alleged discrimination.

We emphasize that, based on the text and purpose of the statute, administrative regulations, and applicable case law, the level of factual specificity required to satisfy the exhaustion doctrine is low. (See, e.g., Cal. Code Regs., tit. 2, § 10003 [DFEH "shall liberally construe all complaints to effectuate the purpose of the laws the department enforces to safeguard the civil right of all persons to seek, obtain and hold employment without discrimination"]; see also *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 268 ["[W]hat is submitted to the DFEH must not only be construed liberally in favor of plaintiff, it must be construed in light of what might be uncovered by a reasonable investigation"].) But the complaining party must allege *some* facts to permit the DFEH to investigate the claims. Jaimes' failure to include a single fact in his administrative complaint supporting his alleged disability-related claims left the City with no information on which to base an investigation. As stated by the trial court, "[a] reader comes away from review of [Jaimes'] DFEH claim not knowing what it is that [the City] did that is alleged to have been discriminatory."

Relying on *Wills, supra,* 195 Cal.App.4th 143, Jaimes urges that "checking the right box on the [DFEH] intake [form]" is sufficient to meet the administrative exhaustion requirement. *Wills* does not support that proposition. In *Wills,* the plaintiff checked a box on her DFEH complaint for "'denial of family/medical leave.'" (*Id*. at pp. 153.) Notably, *Wills* does not

state, one way or another, whether the plaintiff also alleged additional facts in her administrative complaint. The *Wills* court held that the plaintiff failed to exhaust her administrative remedies as to five of her six causes of action that were not based on a denial of family/medical leave. (*Id.* at p. 159.) It then stated it would "assume, without deciding" that plaintiff exhausted her administrative remedies as to her claim for disability discrimination, but held that claim lacked merit as a matter of law. (*Id.* at pp. 156, 159.) It is well-settled that "[a] case is authority only for an issue actually considered and decided." (*Moreno v. Quemuel* (2013) 219 Cal.App.4th 914, 918.)

Jaimes notes that DFEH responded to his administrative complaint with an immediate right-to-sue notice, meaning that DFEH apparently concluded that the factually-deficient complaint was enough to justify a right-to-sue notice. This action by DFEH does not change our conclusion. While DFEH may have chosen to issue a right-to-sue notice based on Jaimes' complaint as a matter of its own policy, we are bound by the statutory, regulatory, and decisional constraints that govern the exhaustion doctrine as a matter of law. Section 12960, subdivision (c) provides that complaints filed with the DFEH must "set forth the particulars" of the alleged "unlawful practice complained of . . . ." It does not distinguish between complaints seeking a DFEH investigation and those that request an immediate right-to-sue notice. Moreover, consistent with the statute, the DFEH regulations specifically provide that even a "right-to-sue complaint" must contain "a description of the alleged act or acts of discrimination, harassment or retaliation . . . ." (Cal. Code Regs., tit. 2, § 10005, subd. (d).) We cannot ignore the unambiguous language of the statute,

regulations, and decisional law simply because DFEH's current practice may be to issue a right-to-sue letter at the employee's request as a matter of course.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal. (*Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 947-951.)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

DAUM, J.*

We concur:

COLLINS, Acting P.J.

MORI, J.

---

*       Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.