[No. B061276. Second Dist., Div. Two. June 4, 1993.]

PAUL D. MALONEY, Plaintiff and Appellant, v.
ANR FREIGHT SYSTEM, INC. et al., Defendants and Respondents.

## COUNSEL

Edward L. Smilow and William H. Steiner for Plaintiff and Appellant.

Steven M. Schneier, David J. Hollander and Lewis N. Levy for Defendants and Respondents.

## OPINION

GATES, J.—Paul D. Maloney appeals from the summary judgment entered in favor of defendants ANR Freight System, Inc. (ANR) and International Brotherhood of Teamsters, Local 63 (Local 63) in Maloney's action for damages and injunctive relief to remedy unlawful employment discrimination based on physical handicap in violation of the Fair Employment and Housing Act (the FEHA, Gov. Code, § 12920 et seq.). He contends:

"[I.] A triable issue of fact exists whether plaintiff's medical condition —having only one kidney (a transplant) that functioned—constitutes a physical handicap under California's Fair Employment and Housing Act. [II.] Defendants' reliance on the collective bargaining agreement as creating an undue hardship is without merit. [III.] The Legislature has pronounced that the FEHA should be 'liberally construed' in order to effectuate its purposes."

This action grows out of Maloney's employment with ANR as a truck driver. The undisputed facts are as follows. Maloney was employed by ANR as a line-haul driver in 1979, driving division runs. A division run involves 10 hours or less of driving time by a single driver who sleeps in a motel at his destination. In 1982, Maloney began treatment for a kidney disorder, which culminated in a transplant operation. He was left with one functioning kidney, a transplant, but returned to work driving division runs. He incurred no medical problems.

In early 1986, ANR added sleeper cab runs at the terminal at which Maloney worked. On sleeper cab runs, two drivers alternate driving and sleeping in the truck cab. In February 1986, ANR truck drivers bid for runs on the basis of seniority. Due to a merger with a second terminal, Maloney lacked sufficient seniority to bid for a division run. Instead, his sole option was a sleeper cab run. He informed ANR that he was unable to drive sleeper cab runs because of his medical condition, and supported his position with a medical opinion.

Maloney requested permission to retain his seniority status, but be given division runs as a casual (temporary) employee, to avoid interfering with the rights of more senior employees. ANR took the position that Maloney could not both retain seniority status and also be assigned to casual runs. It denied his request. Local 63 informed Maloney that ANR was correct under the terms of the collective bargaining agreement. Maloney raised the possibility of giving up his seniority if he could be assured casual runs, but was rebuffed. In February 1986, Maloney requested and was granted medical leave of absence for three years. During that time he retained seniority.

While on leave, Maloney worked as a truck driver at several different employers, achieving regular employee status at one. In February 1988, however, he became infected with herpes virus encephalitis, and lost some portion of his cognitive function. He was unable to drive a truck in any capacity at the time of his deposition in June 1988. By that time a division run with ANR for which Maloney could bid had become available.

In April 1987, Maloney filed the present action, asserting counts for violation of the FEHA and for intentional and negligent infliction of emotional distress. It was removed to the United States District Court, which granted partial summary judgment in favor of defendants on the emotional distress counts on the ground they were preempted by section 301 of the United States Labor Management Relations Act (29 U.S.C. § 185 (a)). The FEHA count was remanded to the superior court.

Upon remand, ANR and Local 63 jointly moved for summary judgment on two grounds: 1) that Maloney did not meet the coverage threshold of being a "handicapped individual" under the FEHA and its regulations; and 2) that the accommodation sought by Maloney, assignment as a casual to drive division runs at ANR while retaining regular employee seniority status, would breach the applicable collective bargaining agreements and result in an undue hardship to ANR. The trial court granted summary judgment on the former theory only, and this appeal followed.

Maloney's first contention lacks merit. The FEHA, at the time this dispute arose, defined physical handicap as "impairment of sight, hearing, or speech, or impairment of physical ability because of amputation or loss of function or coordination, or any other health impairment which requires special education or related services." (Gov. Code, § 12926, subd. (h).) Regulations promulgated in connection with the statute define a "handicapped individual" as one who has a physical handicap which "substantially limits one or more major life activities." (Cal. Admin. Code, tit. 2, § 7293.6, subd. (i).) Major life activities include employment. Similar language is used in the federal Rehabilitation Act (29 U.S.C. § 706 8(B)), as well as in other state antidiscrimination statutes.

The courts, in interpreting the language contained in the California regulations, have consistently declined to provide statutory protection to persons whose conditions have rendered them unable to meet their employer's requirements for a particular job, but who are otherwise physically able to work elsewhere in their chosen profession. (See *Forrisi* v. *Bowen* (4th Cir. 1986) 794 F.2d 931, 934, acrophobia precluding climbing stairways and ladders necessary to utility systems repairer's functions; *Jasany* v. *United States Postal Service* (6th Cir. 1985) 755 F.2d 1244, 1250, strabismus hindering use of sorting machine; *Miller* v. *AT & T Network Systems* (D.Ore. 1989) 722 F.Supp. 633, heat sensitivity precluding required temporary transfers to warmer climates; *Elstner* v. *Southwestern Bell Telephone Co.* (S.D.Tex. 1987) 659 F.Supp. 1328, knee condition preventing telephone pole climbing; *Tudyman* v. *United Airlines* (D.C.Cal. 1984) 608 F.Supp. 739, 746, bodybuilder overweight by flight attendant standards.)

*American National Ins. Co.* v. *Fair Employment & Housing Com.* (1982) 32 Cal.3d 603 [186 Cal.Rptr. 345, 651 P.2d 1151], and *Grube* v. *Bethlehem Area School Dist.* (E.D.Pa. 1982) 550 F.Supp. 418, relied upon by Maloney, are distinguishable. In *American National Ins. Co.*, a sales and debit agent was terminated by an insurance company because of his high blood pressure. The condition did not impair his ability to work but was believed by the

company to expose it to a greater than normal risk of disability or death. Our Supreme Court held that elevated blood pressure may be a protected physical handicap under the Fair Employment and Housing Act, because the law "was designed to prevent employers from acting arbitrarily against physical condition that, whether actually or potentially handicapping, may present no current job disability or job-related health risk. [Citation.]" (*American National Ins. Co.* v. *Fair Employment & Housing Com., supra,* 32 Cal.3d at p. 610.)

*Grube* is a decision granting a preliminary injunction in favor of a boy with only one kidney, allowing him to participate on a high school varsity football team. The court found that the plaintiff was qualified to play on the team, but had been barred because of the school district's concern for both his health and its own liability in case of injury. The court concluded without extensive analysis that the boy was an "otherwise qualified handicapped individual" entitled to protection from discrimination under the Rehabilitation Act of 1973 (29 U.S.C.A. § 794). It found that the school district had refused to allow the boy on the team without substantial justification, based upon medical evidence that the risk of injury to the kidney from football play was slim. Thus, in both *American National Ins. Co.* and in *Grube* the employer/school district treated the plaintiff as if he had limited ability. In the present case the plaintiff, by contrast, took the position that he was unable to perform all of the requirements of the job open to him.

Maloney concedes he was physically able to drive a truck in 1986. He continued to work as a truck driver for other companies during his medical leave from ANR. He was therefore not substantially limited in employment and not a "handicapped individual" as that term is defined, even though he could not sleep in the cab of the moving vehicle.

Contrary to Maloney's third contention, we do not believe the rule of liberal construction contained in section 12993, subdivision (a), of the Government Code[1] prohibits the interpretation of the FEHA adopted here.

In light of our disposition of Maloney's other contentions, we need not reach his second assignment of error regarding the degree of hardship created by the collective bargaining agreement.

---

[1]That section provides in relevant part: "The provisions of this part shall be construed liberally for the accomplishment of the purposes thereof. . . ."

The judgment is affirmed.

Boren, P. J., and Nott, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 23, 1993.