Larry BRYAN, Tim Hancock, Jeff
Morales, Ignacio Torres, and
Greg Quiroz, Plaintiffs,

v.

UNITED PARCEL SERVICE,
INC., Defendant.

Mark Jensen, Plaintiff,

v.

United Parcel Service, Inc., Defendant.

Nos. C 01–01730 WHA,
C 02–02601 WHA.

United States District Court,
N.D. California.

March 2, 2004.

John J. Mavredakis, Law Offices of John J. Mavredakis, Santa Rosa, CA, for Plaintiffs.

Patricia S. Radez, Catherine Ahlin–Halverson, Kathrin Sears, Pamela L. Hemminger, Gibson, Dunn & Crutcher LLP, San Francisco, CA, for Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF FEHA DISABILITY AND CERTIFYING THE CASE TO THE COURT OF APPEALS UNDER 28 U.S.C. 1292(b)**

ALSUP, District Judge.

## INTRODUCTION

In this case under California's Fair Employment and Housing Act, plaintiffs contend that defendant United Parcel Service, Inc., discriminated against them by excluding them from working as full-time, package-car delivery drivers because of an alleged disability, namely, the loss of vision in one eye. The threshold question is whether plaintiffs are disabled within the meaning of FEHA. As an issue of first impression under California law, this order holds that plaintiffs are limited in the major life activity of "working" and thus disabled under FEHA.

## STATEMENT

Plaintiffs Tim Hancock, Jeffrey Morales, Greg Quiroz and Mark Jensen are monocular individuals. Each is a long-time employee of defendant UPS. The parties do not dispute the evidence with regard to the vision impairment of each plaintiff and this order does not engage in a lengthy discussion of each claimant's personal circumstances.[1]

Plaintiffs filed suit against UPS under California's Fair Employment and Housing Act, claiming they were discriminated against and not allowed to work as full-time, package-car delivery drivers based on their vision impairment, an alleged physical disability. This Court found that plaintiffs' cases were related to another action formerly pending before the Court which was brought by the Equal Employment Opportunities Commission on behalf of monocular employees of UPS. The procedural history of that case is extensive and the following is only a summary of those proceedings.

The EEOC brought that lawsuit alleging that UPS discriminated against individuals with monocular vision in violation of the Americans with Disabilities Act by excluding them from driving smaller package cars below the vehicle-weight limit of the Department of Transportation vision requirement. Four UPS employees thereafter intervened, asserting claims under the ADA as well as FEHA. After a bench trial for four pilot claimants—two members from the plaintiff class and two intervenors—this Court issued extensive findings and conclusions regarding the ADA claims. *EEOC v. United Parcel Serv., Inc.*, 149 F.Supp.2d 1115 (N.D.Cal.2000). All four claimants were held to be " 'disabled' within the meaning of the ADA because UPS 'regarded' them as having an impairment that substantially limited their seeing." *Id.* at 1157. In light of this finding, the Court did not rule on the claimants' FEHA claims, holding that "[t]he resolution of all FEHA claims will be deemed to follow the resolution of all ADA claims." *Id.* at 1159.

On appeal, the Ninth Circuit reversed and remanded on the issue of whether three of the pilot claimants were "regarded as" disabled within the meaning of the ADA. *EEOC v. United Parcel Serv., Inc.*, 306 F.3d 794 (9th Cir.2002). The question for remand was whether UPS "regarded them as having an impairment that substantially and significantly limits their overall seeing for purposes of daily life."

---

**1.** Two additional plaintiffs, Larry Bryan and Ignacio Torres, voluntarily dismissed their claims following the hearing on this matter, conceding that they each failed to exhaust their administrative remedies as required by California Government Code Section 12960(b) prior to bringing the instant action.

*Id.* at 806. On remand, this Court found that, under the test stated by the Ninth Circuit, the pilot claimants were not "disabled" within the meaning of the ADA. Accordingly, judgment was entered in favor of UPS and against the three pilot claimants on their federal disability claims.

The Court then considered whether any of the original four intervenors in the case were entitled to relief under California's FEHA statute. In two orders, dated May 2, 2003, and July 31, 2003, respectively, the Court held that one of the claimants was not qualified for the driving position he sought and therefore was not entitled to relief under FEHA. The remaining three claimants were not entitled to relief because they were not disabled in the major life activity of "seeing." Neither were any of the claimants entitled to recover on the theory that they were "regarded as" disabled in the major life activity of "seeing." Although all four claimants also asserted that they were disabled under FEHA by virtue of their limitation in the major life activity of "working," the Court found that the claimants had abandoned the "working" theory in prior litigation. As such, the Court rejected the claimants' attempt to revitalize the "working" claim.

The instant cases are separate from the EEOC case (now back on appeal) but are consolidated with each other. Plaintiffs have now moved for partial summary judgment. Plaintiffs seek judgment on their claims that they are disabled in the major life activity of "working," or alternatively, that UPS regards them as disabled in "working." UPS has filed a summary-judgment motion of its own. It urges that plaintiffs are not limited in "working" or "seeing" and that UPS does not regard plaintiffs as limited in either major life activity. UPS contends, however, that even if plaintiffs are disabled they still cannot recover because they are not quali-

fied and cannot be accommodated, among other reasons.

## ANALYSIS

The question presented is whether plaintiffs are disabled within the meaning of FEHA. The circumstances here require the Court to determine whether a claimant is limited in "working," and hence disabled under FEHA, if the claimant is unable (due to an impairment) to perform a single job for a single employer. The California courts have not yet spoken on the issue. At the hearing on this matter, both sides agreed that the particular question raised a pure issue of law that could be resolved on the summary-judgment record without a trial.

1. **Plaintiffs are Disabled in the Major Life Activity Of "Working" Under FEHA.**

An individual bringing suit under FEHA bears the burden of establishing that he or she is protected by the statute. FEHA protects individuals with a physical disability. Cal. Gov't Code 12926(k). A physical disability under FEHA is defined as an impairment that *limits* an individual's ability to participate in a major life activity. *Colmenares v. Braemar Country Club, Inc.*, 29 Cal.4th 1019, 1025, 130 Cal. Rptr.2d 662, 63 P.3d 220 (2003). In other words, unlike the ADA, FEHA does not require that an impairment *substantially limit* a major life activity. *Ibid.* An impairment "limits a major life activity if it makes the achievement of the major life activity difficult." Cal. Gov't Code 12926(k)(1)(B)(ii). "Working" is recognized as a major life activity. Of particular importance here, " 'working' is a major life activity, regardless of whether the actual or perceived working limitation *implicates a particular employment* or a class or broad range of employments." *Id.* at 12926.1(c) (emphasis added). This FEHA

caveat separates FEHA from the ADA, the latter not including such language.

Plaintiffs' main theory is that they are limited in their particular employment at UPS. Because of their impaired vision in one eye, plaintiffs contend that UPS has denied them full-time, package-car driving positions. The argument is that the inability to perform one particular job at a particular place of employment constitutes a limitation on the major life activity of "working." UPS disagrees. It contends that plaintiffs' ineligibility for a single job is insufficient to show that working is more difficult for plaintiffs as compared to the general public. According to UPS, plaintiffs' interpretation of FEHA would allow all working individuals in California to assert claims of disability in an employment in which they are ineligible for any position by reason of an impairment.

The resolution of this matter turns on what the California Legislature intended when it amended the FEHA statute in January 2001.[2] The amendment codified the Prudence Kay Poppink Act at Section 12926.1 of the California Government Code. In relevant part, the statute provides:

> (c) In addition, the Legislature has determined that the definitions of "physical disability" and "mental disability" under the law of this state require a "limitation" upon a major life activity, but do not require, as does the Americans with Disabilities Act of 1990, a "substantial limitation." This distinction is intended to result in broader coverage under the law of this state than under

that federal act. Under the law of this state, whether a condition limits a major life activity shall be determined without respect to any mitigating measures, unless the mitigating measure itself limits a major life activity, regardless of federal law under the Americans with Disabilities Act of 1990. *Further, under the law of this state, "working" is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments.*

Cal. Gov't Code 12926.1(c) (emphasis added). There is no dispute that the statute was intended to give California citizens greater protection for claims of disability than the federal ADA. *See id.* at 12926.1(a) (stating that "Although the federal act provides a floor of protection, this state's law has always, even prior to passage of the federal act, afforded additional protections"). The parties, however, disagree as to the scope of that additional protection.

▪ The statute first makes clear that a claim of disability in California need not follow the federal test and "substantially limit" a major life activity. Instead, it is sufficient for a claimant to show that he or she is "limited" in a major life activity by an impairment. The clarification resolved an ambiguity created by the California Supreme Court in *Cassista v. Community Foods*, 5 Cal.4th 1050, 22 Cal.Rptr.2d 287, 856 P.2d 1143 (1993). At various points in that decision, the court had interchangeably referenced both standards—"substantial limitation" and "limitation"—in analyzing an impairment's impact on a major life activity.[3] The effect of the legislature's

---

**2.** The Court has reviewed the entirety of the statute's legislative history and included in the text of this order any relevant conclusions therefrom.

**3.** To confirm its commitment to the broader "limitation" standard, Section 12926.1(d) provides:

Notwithstanding any interpretation of law in *Cassista v. Community Foods* (1993) 5 Cal.4th 1050, 22 Cal.Rptr.2d 287, 856 P.2d 1143, the Legislature intends (1) for state law to be independent of the Americans with Disabilities Act of 1990, (2) to require a "limitation" rather than a "substantial limitation" of a major life activity, and (3)

declaration was significant, for it rendered invalid a number of California decisions that had previously either held or suggested that the federal law's "substantial limitation" test applied to claims of physical disability brought under FEHA. *See, e.g., Diffey v. Riverside County Sheriff's Dept.,* 84 Cal.App.4th 1031, 1039–40, 101 Cal. Rptr.2d 353 (2000) (holding that applicant for deputy sheriff who was unable to see the color red was not substantially limited in life activity of working, and, therefore, was not physically disabled under FEHA); *Hobson v. Raychem Corp.,* 73 Cal.App.4th 614, 629, 86 Cal.Rptr.2d 497 (1999) (holding that employee opposing a summary-judgment motion who offered evidence of "only minor limitations" but not of substantial limitations, did not have a physical disability under FEHA); *Muller v. Automobile Club of So. California,* 61 Cal. App.4th 431, 442, 71 Cal.Rptr.2d 573 (1998) (asserting that in 1992 "the Legislature intended to conform California's employment discrimination statutes to the ADA"); *Pensinger v. Bowsmith, Inc.,* 60 Cal. App.4th 709, 721, 70 Cal.Rptr.2d 531 (1998) (suggesting the substantial limitation test must be met to prove physical disability under FEHA).

■ By enacting Section 12926.1, the legislature also clearly wished to depart from three decisions of the United States Supreme Court, each of which had held that the determination of whether an individual is substantially limited in a major life activity and thus disabled under the ADA should take into account any measures that mitigate the individual's impairment. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 482–83, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999); *Murphy v. United Parcel Service, Inc.,* 527 U.S. 516, 521, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999); *Albert-*

*son's, Inc. v. Kirkingburg,* 527 U.S. 555, 565–66, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999). A different standard was set forth by the amended FEHA statute. Whether a condition *limits* an individual's ability to participate in a major life activity, and thereby constitutes a "physical disability," is determined without regard to mitigating measures, unless the mitigating measure itself limits an individual's ability to participate in a major life activity. *See* Cal. Gov't Code 12926.1(c).

UPS would stop here. The legislature, according to UPS, took no other steps to further broaden the scope of protection under FEHA. This order disagrees, for to so find would ignore the final clause of Section 12926.1(c) and disconnect it from the rest of the statute. After clarifying that the "substantial limitation" test does not apply to FEHA claims and that mitigating factors are generally not to be taken into consideration for purposes of disability, Section 12926.1(c) provides: *"Further,* under the law of this state, "working" is a major life activity, *regardless of whether the actual or perceived working limitation implicates a particular employment* or a class or broad range of employments." This order holds that the statement was again directed to the Supreme Court's decision in *Sutton,* but this time to its additional holding that the exclusion from a single job with a single employer does not constitute a substantial limitation in "working" under the ADA. The Court in *Sutton* instead ruled that when the major life activity at issue is that of "working," a claimant must, at a minimum, allege that he or she is unable to work in a broad class of jobs to meet the "substantial limitation" requirement under federal law. *Sutton,* 527 U.S. at 491–92, 119 S.Ct. 2139.

by enacting paragraph (4) of subdivision (i) and paragraph (4) of subdivision (k) of Section 12926, to provide protection when an

individual is erroneously or mistakenly believed to have any physical or mental condition that limits a major life activity.

The legislature was certainly aware that the federal courts (following *Sutton's* lead) had interpreted the ADA narrowly to find that the inability to perform a single, particular job was not enough to establish a substantial limitation on the major life activity of "working." *See, e.g., Thompson v. Holy Family Hospital,* 121 F.3d 537, 540 (9th Cir.1997) (holding that the "inability to perform one particular job does not constitute such a limitation" under the ADA). Even California state courts, applying the ADA's "substantial limitation" standard to claims brought under earlier versions of the FEHA statute, had reached a similar result. The decision of *Maloney v. ANR Freight Sys., Inc.,* 16 Cal.App.4th 1284, 20 Cal.Rptr.2d 656 (1993), is an example. The plaintiff there was a truck driver whose kidney condition prevented him from performing the single duties of an overnight-driving position for his employer. The court found that the plaintiff's condition did not *substantially limit* his ability to work, as he was able to work in his chosen profession as a driver for another company and did in fact drive for other companies during a period of medical leave from the employer. *Maloney,* 16 Cal.App.4th at 1286–88, 20 Cal.Rptr.2d 656.

██ The legislature explicitly challenged these holdings by specifying in Section 12926.1(c) that a limitation in "working" could qualify as a disability even if the limitation only implicated "a particular employment." Consistent with the spirit of the statute, the legislature distinguished contrary authority in favor of broader protection under state law. This order so holds.[4]

The Court is sensitive to UPS's concern that a construction of the statute like the one rendered here will open the floodgates of disability litigation in California. However, not everyone will be limited in a particular employment, as UPS contends. FEHA requires that the particular claimant have a qualifying mental or physical disability. Cal. Gov't Code 12926(i), (k). The statute clearly provides, for instance, that a " '[p]hysical disability' does not include sexual behavior disorders, compulsive gambling, kleptomania, pyromania, or psychoactive substance use disorders resulting from the current unlawful use of controlled substances or other drugs." *Id.* at 12926.1(k)(6).

██ Moreover, a finding of disability does not end the inquiry. That is, the mere fact that plaintiffs are disabled within the meaning of FEHA does not mean that they are entitled to relief. This order does not reach that ultimate issue. Plaintiffs, for example, must still prove that they are as qualified to drive the trucks in question as the drivers whom UPS currently employs. If plaintiffs are unable to drive as safely as those UPS drivers so employed, then they need not be hired. On the record presented, however, the Court finds that whether plaintiffs are qualified raises an issue of material fact. The host of other claims made by UPS, such as whether the statute of limitations applies to bar two of the plaintiffs' claims or whether UPS can otherwise accommo-

---

4. In a legislative summary published on its website, the California Department of Fair and Employment and Housing confirmed that under Government Code Section 12926.1 " 'working' is a major life activity,' regardless of whether the actual or perceived working limitation *implicates a single job* or a broad class of jobs." Dept. of Fair Employment and Housing, 2000 Legislative Summary, *avail-*

*able at* http:// www.dfeh.ca.gov/Statutes/2000LegislativeSummary.pdf (last modified Dec. 5, 2000) (emphasis added). The Court has reached its holding independently of the agency's summary. It is worth observing, however, that the state agency charged with administering FEHA reached the same conclusion as this order.

date plaintiffs, are similarly DENIED. Some of those issues raise material questions of fact for the jury while others will be questions for the Court.

In the meantime, the question of disability is a controlling issue of law for purposes of further proceedings in this case. The amended FEHA statute was designed to render broader protection for the rights of the disabled than the ADA. *See id.* at 12926.1(a) (FEHA protections are "independent from those in the federal Americans with Disabilities Act of 1990"). In recognition of that purpose, this order holds that plaintiffs' exclusion from the single position of full-time UPS package-car driver, notwithstanding their ability to perform other jobs (both within and outside of UPS), constitutes a limitation on the major life activity of "working" and thus is sufficient to support a finding of disability under FEHA.

2. CERTIFICATION FOR INTERLOCUTORY APPEAL WITH SUGGESTION THAT CONSIDERATION BE GIVEN TO CERTIFYING THE ISSUE TO THE CALIFORNIA SUPREME COURT.

Having reached the above legal conclusion, the Court finds this case appropriate for interlocutory appeal to the Court of Appeals under 28 U.S.C. 1292(b). As stated, the question presented here as to whether plaintiffs are limited in "working" and thus disabled within the meaning of the amended FEHA statute is one of first impression under California law. The instant order addresses a controlling question of law as to which there is a substantial basis for differences of opinion, as evidenced by the parties' briefing and argument. An immediate appeal from this order may materially advance the ultimate termination of the litigation. Section 1292(b) authorizes an interlocutory appeal under such circumstances. The issue certified for interlocutory appeal is whether this record shows that plaintiffs are disabled in the major life activity of "working" within the meaning of FEHA and Section 12926.1(c) thereof. In this connection, it is worth repeating that both sides have stipulated that this issue can be decided on this summary-judgment record without the necessity of a trial. UPS should advise the Court by NOON ON FRIDAY, MARCH 5, 2004, whether it intends to take an appeal. In the event such an appeal is taken, the remainder of the case will be stayed.

Considering the importance of this issue to California disability law, the question of statutory construction would have been appropriate for certification to the California Supreme Court. Unfortunately, no such avenue is available to the district courts. Under Appellate Rule 29.8 of the California Rules of Court, however, the California Supreme Court may answer questions of law certified to it by a United States Court of Appeals. Any such certification to the state court would rest in the discretion of the Court of Appeals.

CONCLUSION

For the reasons stated, plaintiffs are disabled within the meaning of FEHA on their "working" claims. Their motion on that issue is GRANTED. All other motions raised by the parties are DENIED based on disputed fact issues. Certification under 28 U.S.C. 1292(b) is GRANTED.

**IT IS SO ORDERED.**