[No. B136358. Second Dist., Div. Six. July 20, 2000.]

MICHAEL G. McCULLAH, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA GAS COMPANY, Defendant and
Respondent.

496

**COUNSEL**

Capello & McCann, A. Barry Cappello, J. Paul Gignac and Mikal J. Apenes for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, Paul Grossman, Barbra L. Davis and Martin C. Mead for Defendant and Respondent.

## OPINION

**YEGAN, J.**—Michael G. McCullah appeals from the order denying class certification of his employment discrimination action against the Southern California Gas Company (Gas Company). The trial court found there was no well-defined community of interest among the purported class members. (Code Civ. Proc., § 382.) We affirm.

*Facts*

Pursuant to a collective bargaining agreement with appellant's union, Gas Company maintains a job bid list by which employees seeking job changes bid on positions before they become available. When a position becomes vacant, it is filled by the most senior qualified person on the bid list unless another bidder has priority. Employees on disability have priority if they are qualified and are able to perform the duties of the position.

The collective bargaining agreement also gives priority to employees "in the path of layoff." Employees scheduled for layoff have preference over all other bidders. Assuming a position opens up, the "layoff" bidder is first offered the position. If he or she declines, the position is offered to qualified disability bidders and then nondisabled bidders in order of seniority.

Appellant suffered two work-related injuries as a Gas Company employee in 1989 and 1990. On October 5, 1990, he went on medical leave with disability pay and had the right to submit disability bids. Appellant submitted one bid in November 1994 and six bids in 1995 with no success.

In December 1994, Gas Company sent him to a six-week clerical skills training program. From April 1995 to March 11, 1997, appellant worked temporary positions at the Gas Company's Chatsworth facility.

In 1996, appellant's union negotiated a new disability benefit plan affecting employees on disability whose injuries were rated permanent and stationary prior to January 24, 1996. The collective bargaining agreement provided that these employees would be terminated in March 1997 unless (1) a vocational assessment showed they were incapable of performing the material duties of any gainful occupation for which they were qualified, or (2) they found a permanent position at Gas Company.

Donald Gonzales, of the Gas Company human resources department, counseled appellant and told him to "put in all the bids you can." Appellant requested vocational rehabilitation. In February 1997, Gas Company paid for a $19,000 computer training and truck driving training program.

Appellant was terminated March 11, 1997, but continued to work on a temporary basis. In January 1998, he was rehired as a customer service trainee as part of a special program for disabled employees who had been terminated. When appellant failed the prequalifying test, Gas Company waived the test requirement. Appellant missed three days of training and was excluded from the program. Gas Company allowed him to enroll a second time. He failed to perform satisfactorily and was finally terminated.

Appellant filed suit for violation of the Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), wrongful termination, unfair competition (Bus. & Prof. Code, § 17200), negligence, and declaratory relief based on the theory that the bidding system was discriminatory. The first amended complaint defined the class members as: "[A]ll individuals residing in the State of California who: (a) are or, at any time within the four years preceding the date of filing of the original complaint in this action, were employed by the Gas Company; (b) became disabled in the course of their employment at the Gas Company; and (c) are or were eligible to be rehired by the Gas Company ('the Class.')."

The trial court concluded that "this is just not a class action." The court stated that in order to try the claims, "[y]ou'd have to determine in every case the nature of the disability to see whether the persons are disabled or not. You would have to determine if a proper claim had been filed with the FEHA, whether the statute had run on any of these causes of action, and they're all separate and distinct as to each case. . . . [Y]ou've got to determine timeliness. You'd have to determine what accommodation reasonableness would be in each case depending upon the injury. . . . You'd have to determine job availability during that particular disability."

### Discussion

█ "The party seeking certification as a class representative must establish the existence of an ascertainable class and a well-defined community of interest among the class members. [Citation.] The community of interest requirement embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class. [Citation.]" (*Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470 [174 Cal.Rptr. 515, 629 P.2d 23].)

" '[T]rial courts have been given great discretion with regard to class certification. . . . [I]n the absence of other error, [an appellate] court will not disturb a trial court ruling on class certification which is supported by substantial evidence unless (1) improper criteria were used . . . or (2) erroneous legal assumptions were made . . . .' [Citations.]" (*Osborne v. Subaru of America, Inc.* (1988) 198 Cal.App.3d 646, 654 [243 Cal.Rptr. 815].)

With these general principles in mind, we measure the allegations of the complaint against the decisional law. Here the action is brought under FEHA which prohibits employment discrimination based on an employee's physical or mental disability. (Gov. Code, §§ 12926, subds. (h)-(i), 12940, subd. (a); *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1157 [77 Cal.Rptr.2d 445, 959 P.2d 752].) Because FEHA is modeled on the federal Rehabilitation Act of 1973 (29 U.S.C. § 701 et seq.) and the Americans with Disabilities Act (ADA; 42 U.S.C. § 12101 et seq.), decisions interpreting those laws are relevant in deciding cases brought under FEHA. (*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 948 [62 Cal.Rptr.2d 142].)

### Common Questions of Law and Fact

Appellant contends that FEHA cases are well suited for class certification. (Gov. Code § 12961.)[1] This may be true in some cases but not here. Appellant must make a threshold showing that there are predominant common questions of law and fact applicable to the class as a whole. (Code Civ. Proc., § 382; *Richmond v. Dart Industries, Inc., supra,* 29 Cal.3d at p. 470.) "[T]he community of interest requirement is not satisfied if every member of the alleged class would be required to litigate numerous and substantial questions determining his individual right to recover following the 'class judgment' determining issues common to the purported class. [Citation.]" (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 459 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)

Appellant asserts that this case centers on the conduct of the Gas Company and not the disabilities of the class members. He relies on *Hendricks-Robinson v. Excel Corp.* (C.D.Ill. 1996) 164 F.R.D. 667, an ADA case in which an Illinois employer implemented a medical layoff program. Employees on medical leave were given a plant tour and told to check with human

---

[1]Government Code section 12961 states in pertinent part: "Where an unlawful practice alleged in a verified complaint adversely affects, in a similar manner, a group or class of persons of which the aggrieved person filing the complaint is a member, or where such an unlawful practice raises questions of law or fact which are common to such a group or class, the aggrieved person or the director may file the complaint on behalf and as representative of such a group or class."

resources for available jobs. Those who remained on medical leave for more than a year were terminated. The trial court granted class certification on the ground that "the class members' claims are all based on the same legal theory—whether Excel's policy on its face and/or in its common application violates the ADA. [¶] Similarly, this matter satisfies the commonality requirement because Plaintiffs are putting Excel's medical layoff policy on trial and not their individual cases. The common question of law and fact at the heart of this case is whether Excel's policy on its face and/or its common application violates the employees' rights under the ADA." (*Id.*, at p. 671.)

In *Chandler v. City of Dallas* (5th Cir. 1993) 2 F.3d 1385, the Fifth Circuit Court of Appeals came to the opposite conclusion. Two employees filed a class action, alleging that a driver safety program which established physical standards for city employees was discriminatory. The federal appellate court held that the class was untenable because "the effect of a given type of impairment, both on major life activities in general and on a person's ability to perform specific tasks, can vary widely from individual to individual. One person, with impaired vision may simply need to wear glasses, while another may need a guide dog. The prospect of continuing medical advances . . . further supports the need for individualized inquiries in this area. We conclude that class certification and class relief are inappropriate in the instant case." (*Id.*, at p. 1396.)

We agree with the trial court's ruling that the *Chandler* case is analogous and controls. In race and gender discrimination cases, the identification of class members is straightforward. Where the discrimination claim is based on an employee's physical or mental disability, it is difficult to identify and certify the class. (E.g., *Chandler v. City of Dallas, supra*, 2 F.3d 1385, 1396.) The question of whether the employer must provide reasonable accommodation involves a case-by-case inquiry. (E.g., *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.* (4th Cir. 1995) 53 F.3d 55, 59-60; *Hughes v. Bedsole* (4th Cir. 1995) 48 F.3d 1376, 1388; *Forrisi v. Bowen* (4th Cir. 1986) 794 F.2d 931, 933.) "[T]he need for this individualized, fact-driven determination renders Rehabilitation Act and ADA [and FEHA] actions ill-suited for class treatment. [Citations.]." (*Burkett v. U.S. Postal Service* (N.D.W. Va. 1997) 175 F.R.D. 220, 223, italics omitted; see also *Sutton v. United Air Lines, Inc.* (1999) 527 U.S. 471, 483-484 [119 S.Ct. 2139, 2147, 144 L.Ed.2d 450]; *Davoll v. Webb* (10th Cir. 1999) 194 F.3d 1116, 1146 [class certification den. in ADA action].)

Appellant also must show that he qualifies as a class representative, i.e., that his FEHA claim is typical of the claims of the class members. (See *Stephens v. Montgomery Ward* (1987) 193 Cal.App.3d 411, 422 [238

Cal.Rptr. 602] [no standing where plaintiff, unlike other class members, was promoted to management position].) The first amended complaint alleges that "the inadequacy of the Gas Company's job bidding system—due to its failure to provide information on vacancies and affirmative assistance with reassignment—applies equally to all disability bidders, regardless of their type or degree of injury." Appellant appears to be the exception. After he was terminated, he received temporary work for two years and was rehired as a customer service trainee.

The trial court found that the FEHA action was too fact specific to make it amenable to class certification. Employers need not provide reasonable accommodation if it imposes an undue hardship.[2] (Gov. Code, § 12940, subd. (k); Cal. Code Regs., tit. 2, § 7293.9; *Brundage v. Hahn* (1997) 57 Cal.App.4th 228, 235 [66 Cal.Rptr.2d 830].) Under appellant's construction of the law, Gas Company must grant the disabled employee job placement rights superior to all other employees. Federal courts have held that there is no such a duty if it requires the employer to disregard the rights of other employees under a collective bargaining agreement. (*Willis v. Pacific Maritime Ass'n* (9th Cir. 1998) 162 F.3d 561, 565-566 [reasonable accommodation that violates collective bargaining agreement and seniority rights is per se unreasonable]; *Milton v. Scrivner, Inc.* (10th Cir. 1995) 53 F.3d 1118, 1125 [same]; *Kralik v. Durbin* (3d Cir. 1997) 130 F.3d 76, 82-83 [same].) The employer is not required to create new positions or "bump" other employees to accommodate the disabled employee. (*Aldrich v. Boeing Co.* (10th Cir. 1998) 146 F.3d 1265, 1271, fn. 5; *White v. York Intern. Corp.* (10th Cir. 1995) 45 F.3d 357, 362.)

"[C]lass actions will not be permitted where there are diverse factual issues to be resolved, despite the existence of common questions of law. 'The ultimate question in every case of this type is whether, given an ascertainable class, the issues which may be jointly tried, when compared with those requiring separate adjudication, are so numerous or substantial that the maintenance of a class action would be advantageous to the judicial process and to the litigants.' [Citation.] 'If the ability of each member of the class to recover clearly depends on a separate set of facts applicable only to him [or her], then all of the policy considerations which justify class

---

[2]Reasonable accommodation includes: " '(1) Making existing facilities used by employees readily accessible to, and usable by, individuals with disabilities. [¶] (2) Job restructuring, *part-time or modified work schedules, reassignment to a vacant position,* acquisition or modification of equipment or devices, adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, *and other similar accommodations for individuals with disabilities.*' ([Gov. Code] § 12926, subd. (m), italics added; Cal. Code Regs., tit. 2, § 7293.9, subd. (a).)" (*Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215, 225 [87 Cal.Rptr.2d 487].)

actions equally compel the dismissal of such inappropriate actions . . . .' [Citation.]" (*Clausing v. San Francisco Unified School Dist.* (1990) 221 Cal.App.3d 1224, 1233 [271 Cal.Rptr. 72].)

Finally, nothing in the recent case of *Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429 [97 Cal.Rptr.2d 179, 2 P.3d 27] requires reversal. The trial court did not focus solely on the merits of the class action. Rather, the fair import of the trial court's ruling is that there is no well defined community of interest and that individual questions predominate. (See *ante*, at p. 498.)

The judgment (order denying class certification) is affirmed. Gas Company is awarded costs on appeal.

Gilbert, P. J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 18, 2000.