Anna SALISBURY, Plaintiff—
Appellant,

v.

DELTA AIR LINES, INC,
Defendant—Appellee.

No. 03–55764.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided March 10, 2005.

Dan Stormer, Esq., Hadsell & Stormer, Pasadena, CA, for Plaintiff–Appellant.

Marc Allen Coleman, Long Beach, CA, Terry E. Sanchez, Esq., Munger Tolles & Olson, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Anna Salisbury appeals the district court's award of summary judgment to Delta Air Lines on her claim under California's Fair Employment and Housing Act. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Salisbury was a career flight attendant with Delta. Salisbury argues that Delta failed to reasonably accommodate her disability as required by California Government Code § 12940(m). However, her medical restrictions prevented her from performing the essential functions of a flight attendant position even with a reasonable accommodation. As a result, she was not a qualified individual for the flight attendant position. *See Jensen v. Wells Fargo Bank,* 85 Cal.App.4th 245, 102 Cal.Rptr.2d 55, 62–63 (2000). Delta was not obligated under FEHA to create a new, indefinite temporary assignment to accommodate Salisbury's disability. *See McCullah v. S. Cal. Gas Co.,* 82 Cal. App.4th 495, 98 Cal. Rptr.2d 208, 213 (Cal. Ct.App.2000). Delta was also not required to permit Salisbury to take repeated leaves of absence when she was capable of working at a different position. *See Hanson v. Lucky Stores, Inc.,* 74 Cal.App.4th 215, 87 Cal.Rptr.2d 487, 494 (Cal.Ct.App.1999). Delta's reassignment of Salisbury to a part-time clerical position that complied with her medical restrictions was a reasonable accommodation of her disability. *See* California Government Code § 12926(n)(2).

Salisbury also argues that Delta discriminated against her on the basis of her disability. Salisbury is unable to demonstrate that she was a qualified individual for the position she sought because she was unable to perform the essential duties of a flight attendant. Salisbury is also unable to demonstrate she was subjected to an adverse employment action. Salisbury was accommodated, not demoted. Salisbury is therefore unable to make out a prima facie case for employment discrimination under FEHA. *See Jensen,* 102 Cal. Rptr.2d at 61.

Finally, Salisbury claims that Delta failed to engage in a good faith interactive process with her to reasonably accommodate her disability as required by California Government Code § 12940(n). Delta met with Salisbury, sought information about her condition, identified an appropriate position, and sought to help her obtain a flight attendant position after she was medically able to do so. *See Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1114–15 (9th Cir.2000) (en banc), *rev'd on other grounds by* 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002). Delta made a good faith effort to communicate with and accommodate Salisbury, and as a result she is unable to make out a claim for failure to engage in the interactive process. *See Humphrey v. Mem. Hosps. Assoc.,* 239 F.3d 1128, 1137 (9th Cir.2001).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.